ORDERED.

Dated: June 15, 2012



Eileen W. Hollowell, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| CHRISTOPHER L. WEST and<br>CHERRISE J. WEST, | )<br>) | Case No. 2:10-bk-27464-EWH |
| | ) | |
| Debtors. | ) | |
| | ) | |
| CHRISTOPHER L. WEST and<br>CHERRISE J. WEST, | )<br>) | Adversary No. 2:10-ap-02109-EWH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM DETERMINING VALUE OF REAL PROPERTY LOCATED AT 2770 E. CATTLE DRIVE, GILBERT, AZ 85279** |
| M&I MARSHALL & ISLEY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

On August 27, 2010, Christopher L. West and Cherrise J. West ("Debtors") filed a Chapter 13 voluntary petition, and the Court entered a Stipulated Order Confirming Plan on January 31, 2011. On November 23, 2010, Debtors filed a Complaint seeking an Order from this Court declaring that: (1) the real property located 2770 E. Cattle Drive, Gilbert, AZ 85279 ("the Property") is valued at $365,000; (2) the secured claim of the first mortgage on the Property is $394,035.06; (3) the second mortgage on the

Property, held by M&I Bank ("Defendant"), is a general unsecured claim; (4) the second lien held by Defendant is avoided and extinguished upon entry of discharge; and (5) this Court's Order shall be recorded in public records and shall have the same effect of releasing Defendant's lien on the Property.

At an evidentiary hearing on February 15, 2012, the Court instructed both parties to submit briefs concerning the date from which real-property appraisals are to measure property value. On March 16, 2012, the parties each filed a memorandum addressing this issue, and both agreed that the date of valuation should be the date of plan confirmation. Accordingly, on March 21, 2012, the Court ordered Debtors and Defendant to update previously filed respective appraisals to reflect value of the Property as of the plan-confirmation date. On April 5, 2012, both parties filed revised appraisals.

The appraisal submitted by Debtors ("Debtors' Appraisal") relies on a sales-comparison approach to set a value for the Property of $365,000. This finding is verified by a cost-approach analysis. Debtors' Appraisal omits an income-approach analysis because the neighborhood surrounding the Property does not contain the requisite investment properties. Among the general findings, Debtors' Appraisal concludes that the Property is in good overall condition and that the housing market is beginning to stabilize after uncertainty created by excess in housing inventory.

The appraisal submitted by Defendant ("Defendant's Appraisal") relies on a sales-comparison approach to set a value for the Property of $410,000. This finding is verified by a cost-approach analysis. Defendant's Appraisal omits an income-approach analysis because the neighborhood surrounding the Property does not contain the

2

Case 2:10-ap-02109-EWH    Doc 35    Filed 06/15/12    Entered 06/18/12 09:38:35    Desc
Main Document - Memorandum/Opinion    Page 2 of 4

requisite investment properties. Among the general findings, Defendant's Appraisal concludes that the Property is in average overall condition and that the housing market is stable to increasing.

Both appraisals find the neighborhood surrounding the Property to be stable, suburban, and built up over 75%. Both NOTE that the Property has working utilities and mechanical equipment and no inadequacies. They diverge in their evaluation of one-unit housing trends, with Debtors' Appraisal seeing stability and over supply during a three to six month period and Defendant's Appraisal seeing declining supply and in-balance sales for the same time period. However, the appraisals used somewhat different boundaries when defining the neighborhood, and this seems like one reason that otherwise similar appraisals might contain certain differences. Further, neither appraisal demonstrates its superiority relative to the other, and neither contains any element that appears dispositive when assessing appraisal veracity.

For the forgoing reasons, the Court finds the appraisals equally persuasive and concludes that the Property should be valued at $387,500, an even difference between the estimates.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Christopher West
Cherrise West
2770 E. Cattle Dr.
Gilbert, AZ 85297

3

Case 2:10-ap-02109-EWH    Doc 35    Filed 06/15/12    Entered 06/18/12 09:38:35    Desc
Main Document - Memorandum/Opinion    Page 3 of 4

Matthew Linn
Frutkin Law Firm, PLC
101 N. First Ave., Ste. 2410
Phoenix, AZ 85003

M&I Bank
Attn: Retail Collections
770 N. Walter St.
Milwaukee, WI 53202

Larry Folks
Folks & O'Connor, PLLC
1850 N. Central Ave. #1140
Phoenix, AZ 85004

U.S. Trustee
230 N. First Ave.
Phoenix, AZ 85003

4